## Carrell's Estate.

*Decedents' estates—Widows—Exemption—Appraisement — Will —Election to take under will—Gifts in accordance with the intestate law—Conversion into money—Act of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755.*

1. Where a man dies after the passage of the Act of July 11, 1917, P. L. 755, which amended the Act of June 7, 1917, P. L. 429, leaving to survive him a widow and collateral kin, and leaving a will by which he directed his estate to be distributed in accordance with the intestate laws, and by which he directed his executrix, the widow, to convert into money all his real and personal property, and the widow elects to take under the will, the court will refuse the widow's petition for the appointment of appraisers to set apart real and personal property to the value of $5,000; but the dismissal of the petition will be without prejudice to the right of the widow

to enforce her claim by taking credit therefor in the settlement of her account as executrix, and urging it upon final distribution.

2. Such a case is not one of intestacy, and therefore the acts of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755, have no application, since they relate solely to the descent and distribution of the real and personal property of persons dying intestate.

3. Where, as here, the widow takes in money, no appraisement is necessary.

Argued Feb. 10, 1919. Appeal, No. 282, Jan. T., 1919, by Maria Carrell, from decree of O. C. Bucks Co., dismissing petition for appointment of appraisers in Estate of Isaac Carrell, deceased. Before BROWN, C. J., STEWART, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Petition by widow for appointment of appraisers. Before RYAN, P. J.

The court dismissed the petition. The widow appealed.

*Error assigned* was decree dismissing the petition.

*Thomas Ross,* with him *George Ross,* for appellant.— The decedent died intestate as to the disposition of his property.

Under the disposing portion of the will, appellant is entitled to $5,000 in property as part of her distributive interest under the intestate law: Williams v. Williams, 1 W. N. C. 54; Dull's Est., 222 Pa. 208.

To deny her the $5,000 is to curtail the power of testamentary disposition which the legislature intended to preserve to testators: Moore's Est., 50 Pa. Superior Ct. 76; Buckland's Est., 239 Pa. 608; Pursell's Est., 244 Pa. 407.

Having elected to take under the will, the appellant is strictly within the words, spirit and intent of the act of assembly: Black v. Tricker, 59 Pa. 13.

No printed brief and no oral argument for appellee.

OPINION BY MR. JUSTICE STEWART, March 10, 1919:

Isaac Carrell, a resident of Bucks County, died July 1, 1918, testate, leaving to survive him a widow, this appellant, but no issue, his nearest of kin in the line of inheritance being nephews and nieces. By his will duly proved, after directing the payment of his just debts, he made the following disposition of his estate, "I give and bequeath to my beloved wife, Maria Carrell, the Interest in my Estate that the Intestate Laws of the State of Pennsylvania directs." This item then follows: "I give and bequeath to my nephews and nieces their interest in my estate, share and share alike." He appointed the widow executrix of the will giving to her full power and authority to make sale of his real estate. In due time the widow filed her election to take under the will, and thereupon she presented her petition to the orphans' court setting forth that as widow of the said decedent she claimed the benefit of the Act of Assembly of June 7, 1917, which gives to the widow of an intestate $5,000 of real and personal property of decedent's estate in addition to her $300 exemption, and that she had designated certain real and personal estate which she demanded should be set apart to her of the value of $5,000. The petition prayed that the court appoint two appraisers to set apart the real and personal property she had elected to take to the value of $5,000 in accordance with the provisions of the act. The learned judge of the orphans' court dismissed the petition holding that the facts as set forth did not bring the case within the class to which Section 2 of the Act of the 7th of June, 1917, P. L. 429, 431, referred. The appeal is from this order and decree.

The act in question is entitled, "An Act relating to the descent and distribution of the real and personal property of persons dying intestate, and providing for the recording and registering of the decrees of the orphans' court in connection therewith, and the fees therefor." Section 2 of the Act as amended by Act of 11th July,

1917, P. L. 755, reads as follows: "Where such intestate shall leave a spouse surviving and other kindred, but no issue, the surviving spouse shall be entitled to the real and personal estate, or both, to the aggregate value of five thousand dollars, in addition, in the case of a widow, to the widow's exemption as allowed by law; and if such estate shall exceed in value the sum of five thousand dollars, the surviving spouse shall be entitled to the sum of five thousand dollars absolutely, to be chosen by him or her from the real or personal estate, or both, and in addition thereto shall be entitled to one-half part of the remaining real and personal estate: Provided, that the provisions of such clause as to said five thousand dollars in value shall apply only to cases of actual intestacy of husband or wife, entire or partial, and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse." It does not concern us to inquire into the purpose or effect of the amendment to the Act of 17th of June, 1917, to the section above recited; it stands without relation to the facts before us. The argument in support of appellant's contention, stated briefly, is, that inasmuch as the will makes the same distribution of the estate as would have followed by virtue of the statute had the husband died intestate, it results that there is an actual intestacy and that the appellant is thus brought within the provisions of the act that awards to the widow of an intestate the sum of $5,000. This proposition would call for consideration if a proper determination of the case in hand in any way depended on its correct determination, but it does not so depend. This is not a case of intestacy, and since the Act of 1917 relates solely to the descent and distribution of the real and personal property of persons dying intestate, it can have no place in the discussion, except as by the will it measures the bounty given by the testator to the several beneficiaries thereunder. Here we have a will duly proved, unequivocal and unambiguous in its terms, so plain and intelligible in its several

parts as to leave no room for controversy as to the testator's intention expressed therein, followed by the widow's election to take thereunder. It gives to the widow such interest in the estate as the intestate laws of the State direct; in other words, such interest as she would be entitled to receive in case he were to die intestate. Where a will is so free from uncertainty or ambiguity as this, it calls for no interpretation; it could not have been more direct had the provisions been followed by a recital or specification of the preferences given by law to the widow in cases of intestacy. The mere fact that it adopts the fixed measure of distribution which the law had adopted in cases of intestacy is without significance affecting in any way its exclusively controlling guidance. The Act of 1917 provides the method to be followed in setting apart to the widow of an intestate the $5,000 in value of the property, but makes no provision for an ascertainment of value in cases where the claim is made under the will. It is only a reasonable and fair intendment that when testator gave to his widow such interest in his estate as the intestate laws of the State direct, he had in contemplation the method provided by the intestate laws for the admeasurement of the interests, but that is not a satisfactory because not a necessary deduction in view of the fact that the whole purpose of the act, as clearly expressed in its terms, is to regulate the distribution of property of persons dying intestate. The case in hand, as we have said, is not a case of intestacy, and the act therefore has no relation to it, and we can find no sufficient warrant for applying any of its provisions here. How then can the widow's share be set apart? This question suggests another. Why does it need to be set apart? The exceptional circumstances make such proceeding wholly unnecessary. In ordinary cases arising under a widow's claim for exemption, the widow may enforce her claim out of any part of the estate she may desire to take, and where she elects to take certain articles of personal property or specific real

estate, an appraisement is necessary to determine the value of the articles selected, and upon the confirmation of the appraisement, the specific property she had elected to take is set apart as hers from out of the estate and vests in her absolutely. But here the widow has no right of selection; she takes in money or not at all, and in such case an appraisement is not necessary: Larrison's App., 36 Pa. 130; Baldy's App., 40 Pa. 328. In the very recent case of Hollinger's Est. (No. 1), 259 Pa. 72, the question arose on exceptions to an adjudication allowing the surviving husband, who had elected to take against the will of the deceased wife, the $5,000, in the distribution of the wife's estate, notwithstanding there had been no appraisement. That case differs from the one in hand in that there was in that case an election to take against the will, which resulted in a clear intestacy so far as concerned the husband, and the procedure therein was necessarily under the act which bestowed the $5,000 on the surviving spouse. But even in that case, falling strictly within the provisions of the act, the earlier cases we have cited are referred to as governing authorities to the effect that when the election is to take the amount of the exemption in cash or its equivalent, an appraisement is not necessary, and it is there said that "this doctrine has been consistently adhered to ever since." The Act of 11th July, 1917, couples in the same provisions the $300 widow's exemption under the earlier act and the $5,000 additional allowance it gives to the widow of intestates, and evidently contemplates one appraisement to include both. What effect this act has upon the provisions of the earlier Act of 14th April, 1851, with respect to procedure in the matter of a widow's claim for $300, is not in the line of our present inquiry, and we decide nothing with respect thereto. We only refer to the practice under the exemption act as illustrating the futility of an appraisement where money alone can be taken by the widow. Whether we call the $300 provision an exemption or inheritance, by parity of rea·

son it would seem that an appraisement of money could be no more required in case of a widow's claim for the $5,000 than in her claim for the $300 exemption; more especially should this be so when the right to claim the $5,000 is derived from the will and is a devise or legacy as the case may be. The will in this case contains this provision: "I direct my executrix hereinafter named to sell and convert into money all my estate, real, personal and mixed, and for that purpose I do hereby give and grant to my said executrix full power and authority to make sale of all my real estate wherever situate at either public or private sale." Since the widow has elected to take under the will the provision for a conversion of the estate into money has all its original force as to her, and therefore we are dealing with an estate to be distributed under the will exclusively as money. As legatee the widow is entitled out of this estate to retain and receive $5,300 and no appraisement is required to establish or confirm her right thereto. She has sufficiently asserted her demand in the present proceeding, and inasmuch as there is no statutory requirement of an appraisement in such cases, we cannot say that error was committed in the refusal of the appellant's petition for the appointment of appraisers. We therefore affirm the action of the court below in dismissing the petition, but we do so without prejudice to the right of appellant to enforce her claim by taking credit therefor in the settlement of her account as executrix and urging it upon final distribution. The decree is affirmed; the costs of the appeal to be paid out of the estate.