## Morris's Estate.

Argued October 3, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Donald C. Anderson,* with him *Edward G. Bothwell,* for appellant.

*Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole* and *George H. Stengel,* for appellee, were not heard.

PER CURIAM, November 25, 1929:

The testator died January 31, 1928; his will was dated November 25, 1927, and provided: "I give and

bequeath to my wife Jessie Clark Morris so much of my estate as she could claim under the intestate laws of the State of Pennsylvania." He left the balance of his estate to his two business partners, appellants in these appeals. The court below awarded the widow "$5,000 and one-half of the remaining residuary estate"; these appeals followed.

Section 2(a) of the Intestate Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755, provides that, where an intestate leaves a spouse surviving and other kindred, but no issue, if the estate for distribution exceeds in value $5,000, "the surviving spouse shall be entitled to the sum of five thousand dollars absolutely, to be chosen by him or her from real or personal estate, or both, and in addition thereto shall be entitled to one-half part of the remaining real and personal estate."

Testator, instead of stating the exact amount of his property which the widow should take, provided that she should have so much of his estate "as she could claim under the intestate laws." As said in Carrell's Est., 264 Pa. 140, 144, this provision "could not have been more direct had [it] been followed by a recital or specification of the preferences given by law to the widow in cases of intestacy." In the words of the learned court below, "the [present] testator in effect says, 'even should I die testate, I direct the portion of my wife in my estate shall be the amount which she could claim under the intestate laws if otherwise she fell within its provisions, and this is the method which shall be used in arriving at the determination of her share.' "

The award to the widow is affirmed at the cost of the appellants.