## Erk's Estate.

Argued March 21, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John B. Nicklas, Jr.,* with him *Bresci R. P. Leonard,* for appellant.

*Walter P. Smart,* with him *L. K. Porter,* for appellee.

Per Curiam, April 10, 1933:

This appeal is from a decree of the Orphans' Court of Allegheny County dismissing exceptions of the widow of J. Henry Erk to the schedule of distribution filed at the audit of her deceased husband's estate. Decedent died September 25, 1930, and by the second item of his will provided as follows: "I give and bequeath to my estranged wife (Christie B.) who has not always been loyal to me, such portion of estate which is required by Pennsylvania Law but not more." The only question presented for our determination is the amount of testator's estate passing to the widow by this language in his will.

Appellant contends that the share she takes is determined by section 2-A of the Intestate Act of 1917, i. e., the sum of five thousand dollars absolutely plus one-half of the remaining real and personal estate. In support of this view appellant cites two cases decided subsequent to the Act of 1917, supra. These are Morris's Est., 298 Pa. 25, and Carrell's Est., 264 Pa. 140. Neither of these cases is conclusive of the issue before us now. In both of them testator directed that the provisions of the Intestate Act should determine the widow's interest. In the present case there is no reference to the Intestate Act but only the statement that testator gives "such portion of estate which is required by Pennsylvania Law, but not more." Section 2-A of the Intestate Act provides that the clause relating to the award of five thousand dollars "shall apply only to cases of actual intestacy of husband or wife, entire or partial, and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse." Here, appellant did not elect to take against her husband's will; there is no actual intestacy, nor any direction in the will that the provisions of the Intestate Act shall measure the wife's interest, consequently the limit of the wife's share is one-half the value of the real and personal property.

The wording of the will makes it clear that testator desired to leave his widow the minimum required by law. He knew, or is presumed to have known, that any attempt on his part to deprive her of all interest in his estate could be defeated by her election to take against the will. He specified, accordingly, that she should take no more than the law awarded her as a minimum,—in other words, the amount she could obtain by electing to take against the will. The lower court properly limited the widow's interest to one-half the real and personal estate, this being the amount which she would receive by taking against his will.

The decree of the court below is affirmed at appellant's cost.