Dougherty's Estate.

Argued March 14, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES, and RHODES, JJ.

*Wilhelm E. Shissler,* for appellant.

*F. J. Templeton,* and with him *Caleb S. Brinton,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1935:

Elizabeth J. Dougherty died, testate, on July 15, 1933, leaving to survive her a husband, James Howard Dougherty, and certain collateral heirs, but no issue. In her last will, dated July 1, 1927, after directing the sale of her real estate, she provided, in paragraph 4, as follows: "To my husband James Howard Dougherty, I give and bequeath the full share of the pro-

ceeds of my real estate and personal property to which he is entitled under the laws of Pennsylvania in force at the time of my decease.'' In paragraph 5, she gave the remainder of the proceeds from the sale of her real estate and personal property to certain collateral heirs. The surviving husband elected to take under the will. The executors filed an account, wherein they charged themselves with $4,487.10, $2,500 of which was derived from the sale of real estate, and took credit for expenses of administration, etc., of $1,228.27, leaving a balance of $3,258.83 for distribution. Exceptions were filed to the account, involving questions of law. A case stated was filed, which submitted to the court the question, whether the surviving husband is entitled to receive the entire distributive balance shown in the hands of the accountant or but one-half thereof. The learned court below held that he was entitled to one-half of the decedent's estate, and directed the executors to make distribution accordingly. To that order this appeal was taken by James H. Dougherty, the husband.

The appellant's position is that the bequest entitled him to a special allowance of $5,000, as provided for in the Intestate Act, prior to any distribution of the testatrix's estate. If this contention were adopted, the husband's share would absorb the entire balance for distribution.

Section 2 [a] of the Intestate Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755, §1 (20 PS §11), reads as follows:

''Where such intestate shall leave a spouse surviving and other kindred, but no issue, the surviving spouse shall be entitled to the real or personal estate, or both, to the aggregate value of five thousand dollars, in addition, in the case of a widow, to the widow's exemption as allowed by law; and if·such estate shall exceed in value the sum of five thousand dollars, the

surviving spouse shall be entitled to the sum of five thousand dollars absolutely, to be chosen by him or her from real or personal estate, or both, and in addition thereto shall be entitled to one-half part of the remaining real and personal estate: Provided, That the provisions of this clause as to said five thousand dollars in value shall apply only to cases of actual intestacy of husband or wife, entire or partial, and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse.''

The appellant relies on Carrell's Estate, 264 Pa. 140, 107 A. 664, and Morris' Estate, 298 Pa. 25, 147 A. 840. In Carrell's Estate, the testator's will provided: ''I give and bequeath to my beloved wife ...... the interest in my estate that the intestate laws of the State of Pennsylvania directs.'' The widow elected to take under the will, and the court held that as there was no issue she was entitled to $5,000 provided by the intestate law. In Morris' Estate, the testator, who died without issue, provided in his will: ''I give and bequeath to my wife ...... so much of my estate as she could claim under the intestate laws of the State of Pennsylvania.'' The widow elected to take under the will. The court held that she was entitled to $5,000, as provided by the intestate law, and one-half the remainder of the residuary estate. In each of those cases, the decedent expressly directed a division of his estate, measured by the method adopted by the intestate law.

We are without authority to apply the provisions of the Intestate Act, unless the will so directs. ''The full share of the proceeds of my real estate and personal property to which he is entitled under the laws of Pennsylvania'' is the expression used, and it must control. That does not say, nor can we construe it to say that the husband is entitled ''under the intestate laws.'' Taking the will, therefore, as written, what

construction is to be put on the words "under the laws of Pennsylvania?" In case of testacy, if one takes under the will, he gets in accordance with its provisions; if against the will, in the event of no issue, then he gets one-half the estate. In other words, the surviving spouse does not get under the laws of Pennsylvania, in case of testacy, more than one-half the estate, unless otherwise provided in the will.

In Erk's Estate, 311 Pa. 185, 166 A. 656, the testator died, testate, without issue. He gave and bequeathed to his estranged wife "such portion of his estate as is required by Pennsylvania law, but not more." The court held that the widow was not entitled to $5,000 under the Intestate Act, but to one-half the estate. In the course of the opinion, the court said (p. 186):

"In the present case there is no reference to the Intestate Act but only the statement that testator gives 'such portion of estate which is required by Pennsylvania law, but not more.' Section 2-A of the Intestate Act provides that the clause relating to the award of five thousand dollars 'shall apply only to cases of actual intestacy of husband or wife, entire or partial, and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse.' Here, appellant did not elect to take against her husband's will; there is no actual intestacy, nor any direction in the will that the provisions of the Intestate Act shall measure the wife's interest, consequently the limit of the wife's share is one-half the value of the real and personal property."

The fact that the wife was not living with her husband does not, in our judgment, change the pertinency of the reasoning to the case at bar.

Furthermore, a careful reading of the latter part of the will convinces us that it was not the intention of the wife to give her entire estate to her husband.

The will speaks as of the time of the death of the decedent. We may reasonably assume that the testatrix knew the proximate value of her property, and that if her husband's interest were measured by the intestate laws, his share would consume her entire estate. The residuary clause bequeathing the remainder of her estate to her three sisters and to the children of a deceased brother and sister would thus be rendered ineffective and meaningless. That the testatrix did not contemplate such a result is further shown by the appointment of Paul Arnold, one of the residuary legatees, as a co-executor with her husband. If she had intended the husband to take the entire estate, it is highly improbable that a co-executor would have been appointed. A fair inference is that Paul Arnold, as a co-executor, was to look after the interests of the residuary legatees.

A careful consideration of this case brings us to the conclusion that the lower court's disposition of this case stated is correct.

Decree is affirmed, at costs of appellant.