664 A.2d 612

In re ESTATE OF William P. FLEIGLE, Late of the Borough of Dallastown, York County, Pennsylvania, Deceased.

Appeal of ESTATE OF William P. FLEIGLE, Deceased and Linda J. Zeigler.

Superior Court of Pennsylvania.

Argued July 12, 1995.

Filed Aug. 31, 1995.

Donald T. Puckett & Larry C. Heim, York, for appellant.

Byron H. Lecates, York, for Wanda Fleigle, participating party.

Before ROWLEY, P.J., and CAVANAUGH, McEWEN, DEL SOLE, TAMILIA, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

JOHNSON, Judge.

In these consolidated appeals, we are asked to determine whether an executor has standing to appeal an Orphans' Court order that confirmed a First and Final Account of a decedent's estate and directed the executor to distribute the estate to decedent's daughter who was born after decedent wrote his

will. Because we find that the executor has no beneficial interest in decedent's estate, we quash his appeals. Further, we affirm the Orphans' Court determination that decedent's daughter was entitled to the entire estate as a pretermitted child, pursuant to 20 Pa.C.S. § 2507(4).

In 1975, decedent executed a will leaving everything to his parents, if they survived him, and, if not, to his brother, Charles Fleigle, Jr. This will also appointed Charles Fleigle, Jr., as the executor of decedent's estate. In 1985, decedent's daughter was born. On April 15, 1990, decedent wrote the following note:

I William Fleigle. In case of accident or death. 509 East Main St. Would be leased at a fare price to K & H Auto Repair, Lyn Zeigler to have upstair free. Car Lot Co Leased to Dave Snyder of John Walters Auto Sales. Lyn Zeigler would run Car Lot. All profits to be shared with Lyn Zeigler and My daughter Wanda Fleigle when she becomes 21 yrs old. Also my Father Charles Fleigle.
Yours Truly
William Fleigle

The decedent committed suicide on May 4, 1990. At the time of his death, decedent owned real estate located at 509 East Main Street, Dallastown, York County, Pennsylvania, and he owned a business known as "Bill's Cycle Shop and Car Lot." Decedent was survived by his daughter, father and brother. He also was survived by his paramour, Linda Zeigler, a/k/a Lyn Zeigler. Decedent's father died on July 23, 1990, leaving his estate to Charles Fleigle, Jr.

On May 9, 1990, decedent's will, dated March 5, 1975, was offered for probate, admitted, and, in accordance with the terms of the will, Charles Fleigle, Jr., was appointed executor of the estate. On May 16, 1990, the above-quoted handwritten note was offered for probate as a codicil to decedent's will.

On October 22, 1991, the executor filed a First and Final Account of decedent's estate. On behalf of decedent's daughter, the Bank filed objections to this Account, claiming that the handwritten note was not a codicil and that decedent's daugh-

ter, as a pretermitted heir, was entitled to the entire estate. *See* 20 Pa.C.S. § 2507(4). In December 1993, the Orphans' Court filed an Opinion and Decree Nisi, in which it sustained the Bank's objections and agreed that decedent's handwritten note was invalid as a codicil to his will and that decedent's daughter was entitled to the entire estate as a pretermitted child. Both the executor and Zeigler filed exceptions.

On August 31, 1994, the Orphans' Court filed the following: (1) an Adjudication; (2) a Decree that confirmed the First and Final Account and ordered distribution to decedent's daughter as set forth in the Adjudication; and (3) an order that dismissed the exceptions and directed that the decree nisi be entered as a final decree. No further exceptions were filed. Nonetheless, in September 1994, two joint notices of appeal were filed, both on behalf of the Estate of William P. Fleigle, Deceased and Linda J. Zeigler. The first joint notice of appeal was from the August 31, 1994 order, and the second was from the August 31, 1994 Adjudication and Decree.

On December 21, 1994, the Bank filed a motion to quash the appeals filed on behalf of the Estate, claiming that the executor lacked standing to file them. On March 27, 1995, this Court denied the Bank's motion to quash without prejudice to raise this issue at the time of oral argument before the next session of the Court *en banc.* Following argument, the appeals were consolidated and are now before us.

For purposes of review, we have renumbered the executor's and Zeigler's contentions. On appeal, they argue that (1) the executor had standing to appeal the Orphans' Court order, and (2) the Orphans' Court erred in ruling that decedent's handwritten note was not a codicil to his will.

First, the executor contends that he had standing to appeal the Orphans' Court order.

Pennsylvania law is well settled that, merely by virtue of his or her official capacity, an executor cannot appeal from a decree of distribution entered by the court to which he or she must account so long as that decree does not surcharge the executor or make distribution of an amount larger than

the total of the estate's assets. An executor who has not been surcharged has no standing to except to an adjudication of the auditing judge regarding payment of claims against an estate unless the executor is also a residuary beneficiary of the estate.

*Appeal of Gannon,* 428 Pa.Super. 349, 360–61, 631 A.2d 176, 181 (1993) (citations omitted), *appeal denied,* 538 Pa. 647, 647 A.2d 902 (1994); *see also Estate of Felice,* 487 Pa. 342, 347 n. 2, 409 A.2d 382, 384 n. 2 (1979).

■ As we previously stated, decedent's 1975 will provided that his estate would be distributed to his parents if they survived him. Thus, as executor of decedent's estate, Charles Fleigle, Jr., claims that he is entitled to bring this appeal because, if this Court determines that the handwritten note is a valid codicil, then decedent's child is provided for under the will and is not a pretermitted child. Accordingly, decedent's estate would be distributed to the estate of his father, and that estate, in turn, would be distributed to the executor as the father's sole testamentary heir.

However, for the reasons set forth below, we find that decedent's handwritten note was invalid as a codicil to the will, and, accordingly, decedent's daughter is entitled to receive the entire estate. Thus, the executor has no beneficial interest in decedent's estate. In addition, no allegation has been raised that the executor was surcharged or that the court ordered a distribution amount larger than the total of the estate's assets. Accordingly, we find that the executor, as executor, does not have standing to appeal. *See Appeal of Gannon, supra.* The appeal has been brought on behalf of the Estate of William P. Fleigle, Deceased. Therefore, we quash the executor's appeals.

■ Next, Zeigler asserts that the Orphans' Court erred when it determined that decedent's handwritten note was invalid as a codicil to his will. When reviewing a final order of the Orphans' Court, we accord the findings of an Orphans' Court judge the same weight and effect as a jury verdict. *In re Benson,* 419 Pa.Super. 582, 585, 615 A.2d 792, 793 (1992).

"[A]s an appellate court[,] we can modify an Orphans' Court decree only if the findings upon which the decree rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence." *Id.*

■ Zeigler maintains that decedent's handwritten note was a valid codicil because it provides for testamentary dispositions. We note that a writing need not assume a special form to take effect as a will or codicil. *See In re Estate of Hopkins*, 391 Pa.Super. 211, 570 A.2d 1058 (1990), *appeal denied*, 525 Pa. 627, 578 A.2d 414 (1990); *In re Hengen's Estate*, 337 Pa. 547, 12 A.2d 119 (1940). One essential element of a valid will or codicil is that it dispose of property. *Hopkins*, at 214–15, 570 A.2d at 1059. Further, the disposition must be intended to take effect after the testator's death. *In re Estate of Ritchie*, 480 Pa. 57, 389 A.2d 83 (1978).

■ Here, the Orphans' Court concluded that decedent intended the writing to take effect at the time of his death "[b]ecause of the unusual and unique circumstances of this case.... Specifically, the writing was created shortly before the Decedent committed suicide and was discovered in his residence on the counter top together with his 1975 will and other documents and checks. [In addition,] the writing was clearly so positioned that it would be easily located upon his death." Trial Court Opinion, dated December 23, 1993, at 4–5. We find no error or abuse of discretion in this conclusion. *Ritchie, supra.* Thus, we need only determine whether the handwritten note disposes of decedent's property. *Hopkins, supra,* at 211, 570 A.2d 1058.

■ To make a testamentary disposition of property, a decedent must set forth both the thing given and the person to whom it is given with such certainty that a court can give effect to the gift when the estate is to be distributed. 4 Bowe–Parker, Page on Wills, § 5.11 (Revised Ed.1961). Further, a will must be sufficiently certain and definite to be capable of intelligent interpretation and enforcement. *See Gaston's Estate*, 188 Pa. 374, 41 A. 529 (1898); *cf. In re McKean's Estate*, 159 Pa.Super. 409, 48 A.2d 74 (1946) (clause

is void for uncertainty and without dispositive effect where it is so vague and indefinite as to render its purpose meaningless).

Here, the note provided for the *lease* of property located at 509 East Main Street to K & H Auto Repair and for the *lease* of a car lot to an individual named Dave Snyder of John Walters Auto Sales. However, this writing is not sufficiently certain and definite as it fails to provide for a period of specific duration. *Cf. id.* Thus, we find that it fails to dispose of the property listed. Further, because the note only indicates an intent to lease decedent's properties, we agree with the trial court that there was no transfer of title, and, hence, no disposition of the properties. *Cf. Whitmer v. Bell Telephone Co. of Pa.*, 361 Pa.Super. 282, 291, 522 A.2d 584, 588 (1987) (a lease occurs when use and possession of property pass, but not title). The note also provided that Zeigler would have the "upstair" at 509 East Main Street "free" and that she would "run" the car lot leased to Dave Snyder. However, there is no indication regarding the duration of the free use of this "upstair," or of the management of the car lot. Finally, the note states that Zeigler, decedent's daughter (upon reaching age 21) and decedent's father are to share "profits." Again, however, decedent failed to indicate which "profits" the three are to share. Accordingly, both attempted dispositions fail for lack of certainty and definiteness. *Gaston's Estate, supra*, at 374, 41 A. 529; *McKean's Estate, supra*, at 409, 48 A.2d 74. As a result, we agree with the trial court that decedent's handwritten note is invalid as a codicil to the 1975 will because it failed to properly dispose of decedent's property after his death. *See Hopkins, supra*, at 211, 570 A.2d 1058.

Based on the foregoing, we find that the court did not err or abuse its discretion when it determined that decedent's daughter was entitled to the entire estate as a pretermitted child, pursuant to 20 Pa.C.S. § 2507(4). Thus, we affirm the Orphans' Court order.

Executor's Appeals at Nos. 797 & 798 Harrisburg 1994 Quashed. Order Affirmed.

DEL SOLE, J., files a concurring and dissenting opinion in which KELLY, J., joins.

DEL SOLE, Judge, concurring and dissenting.

I join the analysis of the Majority in concluding that the trial court correctly decided the April 15, 1990 note is not a valid codicil. Therefore, I agree with the disposition affirming the decree of distribution.

However, I dissent from that portion of the Opinion which concludes Charles Fleigle, Jr. does not have standing to bring this appeal. The Majority's statement of the law that, "merely by virtue of his or her official capacity, an executor cannot appeal from a decree of distribution entered by the court ... so long as that decree does not surcharge the executor." (Majority Opinion at page 635), does not apply to the situation before us.

Charles Fleigle, Jr. has an interest in the determination of the legal question on the validity of the April 15, 1990 note by virtue of his status as the sole beneficiary of his father's estate. I believe the correct statement of the law in regard to his standing is found in *In re Estate of Hain,* 464 Pa. 349, 346 A.2d 774 (1975), where our Supreme Court held:

Appellants were not adversely affected by the decree of the orphans' court in their capacity as executors. However, they were directly affected, and are "parties aggrieved," in their capacity as residuary trustees under this will and, ... in [wife's] individual capacity as a spouse who has elected to take against the will. *When a party has erroneously challenged an order or decree of the orphans' court as executor but properly could have proceeded in some other capacity, the party is entitled to retain the benefit of the appeal in the proper capacity.* (citations omitted) *Although appellants may lack standing to appeal in their capacity as executors, they do have standing in their other capacities. We must therefore reach the merits of the appeal.* (emphasis added).

464 Pa. at 353, 346 A.2d at 776.

Given that Charles Fliegle, Jr. was the person to whom the estate would pass had the determination of the legal question surrounding the purported codicil be resolved differently, I

640

conclude he has standing as a party aggrieved to maintain this appeal.

KELLY, J., joins.