**In re ESTATE OF Henry SMERTZ, a/k/a Kelly Smertz,**

**Appeal of Ann SMERTZ.**

Superior Court of Pennsylvania.

Argued June 18, 1997.

Filed Oct. 9, 1997.

David I. Fallk, Scranton, for appellant.

Gerard M. Musto, Wilkes-Barre, for Harold Kaplan, participating party.

Before CAVANAUGH, EAKIN and MONTEMURO,* JJ.

EAKIN, Judge.

Ann Smertz ("Wife") appeals from the order denying her petition for declaratory relief and refusing to proclaim her sole heir and beneficiary of the estate of Henry Smertz, a/k/a Kelly Smertz. We affirm.

Henry "Kelly" Smertz died testate December 28, 1992, leaving as survivors his wife, two siblings, and various cousins, nephews and nieces; his will provided, in part:

THIRD: I give, devise and bequeath to my wife, Ann Smertz, providing she survives me, *that amount equal to the least possible sum required to satisfy under law* governing my Will at my decease, any and all entitlements, interests, claims, elections, and/or rights, of my wife, Ann Smertz in my Estate, should she survive me and not otherwise forfeit her eligibility. It is my intention, purpose and direction that my Estate, under this Last Will and Testament, *only that amount which is required by the provisions of law* upon circumstances existing at the time of my decease, to be paid over and transferred unto her to relinquish whatever claim she may have as my surviving spouse if she is eligible to have such claim against my Estate, *and nothing further, except said minimum.*
(emphasis added)

FOURTH: All the rest, residue and remainder of my Estate, and wheresoever situate, I give, devise and bequeath as follows:

A. My Executor shall set aside in the exercise of his sole discretion, so much of the said residue of my Estate as may be necessary to provide for the comfort and well-being of my aunt, Blanche

* Retired Justice assigned to the Superior Court.

Smertz, provided she, Blanche Smertz, is living at the time of my decease. My Executor may set aside all the rest, residue and remainder of my Estate to its exhaustion if, in the exercise of the discretion of my Executor, he deems same necessary or advisable for the purposes of the well-being and comfort of my aunt, Blanche Smertz.

B. Upon the death of my aunt, Blanche Smertz, as to any of said rest, residue and remainder set aside for her, Blanche Smertz, which remains unexpended *and as to any part of the residue not otherwise set aside by my Executor for said Blanche Smertz,* the same shall be divided equally among .... (approximately fifteen cousins, nieces and nephews).

(emphasis added)

On June 13, 1996, Wife filed a petition for declaratory judgment asking the Orphans' Court to interpret these paragraphs of the will and proclaim her sole beneficiary of the estate. The Orphans' Court denied the petition, and this appeal followed wherein Wife raises the following issues for review:

1) Did decedent's estate pass entirely to his surviving spouse, as sole specific beneficiary, pursuant to paragraph THIRD of decedent's will?

2) Did the predecease of decedent's sister, Blanche Smertz, cause a failure to vest of the entire purported residuary under paragraph FOURTH of the will, thus triggering the anti-lapse statute which made the surviving spouse sole beneficiary of any residual funds?

Our standard of reviewing challenges to decisions of the Orphans' Court is well established; we may only reverse a final order if the findings upon which the order rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence. *In re Estate of Fleigle,* 444 Pa.Super. 632, 637, 664 A.2d 612, 615 (1995).

■ Mr. Smertz' intent is, of course, the polestar in the construction of his will; that intent, if lawful, must prevail. *In re Deed of Trust of McCargo,* 438 Pa.Super. 570, 577, 652 A.2d 1330, 1333 (1994), *alloc. denied,* 543 Pa. 693, 670 A.2d 141 (1995). To ascertain that intent, we must focus first on the precise wording of the will; we may only resort to general rules of construction if the testator's intent still remains uncertain. *In re Estate of Weaver,* 392 Pa.Super. 312, 326, 572 A.2d 1249, 1256, *alloc. denied,* 525 Pa. 659, 582 A.2d 325 (1990). We must give effect to every word and clause so as not to render any provision nugatory or mere surplusage. *Estate of Rush,* 426 Pa.Super. 119, 123, 626 A.2d 602, 604 (1993). Those words are not to be viewed in a vacuum, but as part of an overall testamentary plan. *Estate of Pew,* 440 Pa.Super. 195, 220, 655 A.2d 521, 533 (1994), *appeal withdrawn,* 544 Pa. 631, 675 A.2d 1248 (1995).

■ Cognizant of these principles, we see paragraph THIRD of the will plainly provides appellant should receive the minimal amount required by law to satisfy "any and all entitlements, interests, claims, elections and/or rights" she has against the estate. That is certainly what the testator said, but what did he mean by this? Can we make the precipitous leap Wife asks and find the decedent intended to leave her the entire estate? We think not.

Although the wording of this bequest could with hindsight be improved, there is no question as to Mr. Smertz' goal here—he intended to leave his wife the least possible sum he had to. The recognition that he could not disinherit her completely does not equate to any intent other than to see that she received not one cent more than the law required him to give her. Indeed, if he meant to leave all his assets to her, he chose an incredibly peculiar way of saying so. Such an aim is hardly found in these words.

The will instead separates his estate into two parts: one amount for his wife, and the rest into a residuary with directions as to its use and eventual distribution. We cannot disregard this manifest testamentary plan, as we must if we are to find Wife is entitled to everything, as she suggests. The first goal of the plan is clearly to see that she gets nothing more than the minimum required under the law.

We turn to a determination of what that minimum truly is. Twice before our appellate courts have been asked to determine a surviving spouse's share when the decedent's will bequeathed only that amount required under the law. *See Erk's Estate*, 311 Pa. 185, 166 A. 656 (1933); *see also Dougherty's Estate*, 117 Pa.Super. 510, 178 A. 333 (1935). In both instances, our courts held the law of election, rather than the law of intestacy, was appropriate.

Strikingly similar to the bequest in the present case, the will in *Erk's Estate, supra*, provided: "I give and bequeath to my estranged wife who has not always been loyal to me, *such portion of the estate which is required by Pennsylvania law but not more.*" *Id.* at 186, 166 A. at 656 (emphasis added). Our Supreme Court explained:

> In the present case there is no reference to the Intestate Act but only the statement that testator gives 'such portion of the estate which is required by Pennsylvania law, but not more.' Section 2–A of the Intestate Act provides that the clause relating to the award of $5,000.00 'shall apply only to cases of actual intestacy of husband or wife, by entire or partial, and not to cases where the surviving spouse should elect to take against the will of the deceased spouse.' Here, appellant did not elect to take against her husband's will; there is no actual intestacy, *nor any direction in the will that provisions of the Intestate Act shall measure wife's interest*, consequently the limit of the wife's share is one-half the value of the real and personal property.
>
> The wording of the will makes it clear that testator desired to leave his widow the minimum required by law. He knew, or is presumed to have known, that any attempt on his part to deprive her of all interest in his estate could be defeated by her election to take against the will. *He specified, accordingly, that she should take no more*

> than the law awarded her as a minimum,—in other words, the amount she could obtain by electing to take against the will. The lower court properly limited the widow's interest to one-half the real and personal estate, this being the amount which she would receive by taking against his will.

*Id.* at 186–87, 166 A. at 656 (emphasis added).

Similarly, Mr. Smertz' will makes no reference to intestacy laws, nor does it afford Wife any testamentary interest beyond the bare minimum permitted by law. It would therefore appear, consistent with *Erk's Estate*, Wife is entitled to no more than an elective share.

■ Despite these patent similarities however, Wife contends an elective share is not the minimum in order here, arguing current law regarding the right of election precludes her from being forced into exercising that option.[1] According to 20 Pa.C.S. § 2206, "[t]he right of election of the surviving spouse may be exercised in whole or in part only during his lifetime by him or his attorney-in-fact." Since this means the use of that right is exclusive to the surviving spouse or her representative, Wife claims a court is essentially barred from forcing an election. Therefore, she contends paragraph THIRD of the will contains a provision that we cannot enforce, and, as such, the only law that can be incorporated is the law of intestacy.[2]

While this novel argument is intriguing, we cannot find Wife is being "forced" into an elective share. Indeed she is not forced to take anything; she could renounce it all if she wished. The relevant issue is what she could force on the estate, not what the court could force on her. As aptly explained by the Orphans' Court:

> By its legal definition, an election is a *choice* between a testamentary provision and a statutory provision which may be

---

1. Wife attempts to distinguish *Erk's Estate* and its progeny by arguing that, under the law in effect at that time, i.e., the Wills Act of 1917, the court had the power to force an elective share upon a surviving spouse. However, we decline to engage in a historical interpretation of statutes pertaining to the law of election; our job is to

interpret the testator's intent. As such, we find *Erk's Estate* retains precedential value.

2. Since the decedent left no parents or issue, Wife would receive the entire estate under the law of intestacy.

made by a surviving spouse. Most certainly we are not imposing an election upon the widow Smertz and forcing her to take against the Will, since the Court is not making any decision or selection on her behalf. [Wife] is incorrect in claiming that should we honor the Testator's intent, we would be imposing upon her that which the law does not allow. Rather, we are recognizing the Decedent's written wishes regarding the amount of his Estate which his widow should inherit, and acknowledging his distribution scheme, disturbing though it may be to [Wife]. While Kelly Smertz could have phrased this bequest in a more straightforward way, perhaps by stating that his spouse's share of the Estate would be a certain percentage or amount, his eccentric choice of words does not leave us wondering about what he intended to leave his wife, which is inarguably the smallest amount the law would allow.

Orphans' Court Opinion, 12/16/96, at 6–7. Thus, the terms of the will simply measured the amount Wife was entitled to receive. In no sense did the Orphans' Court force Wife into taking this elective share, but instead honored the plain intent of the decedent. As such, we find the Orphans' Court properly exercised its discretion in interpreting paragraph THIRD of the will.

Wife alternatively argues that even if she is not the sole heir under paragraph THIRD of the will, there is no residuary estate to distribute and the remainder of the estate, therefore, should go to her. Although paragraph FOURTH of the will appears to be a residuary clause, Wife claims no residuary estate exists because its creation was contingent upon the survival of "Aunt" Blanche Smertz.[3] Since Blanche Smertz predeceased the decedent, Wife argues the monies earmarked for the residuary lapsed into intestacy under 20 Pa.C.S. § 2514(9) and therefore, go to her.

 A residuary estate will not automatically be created merely because a will contains a residuary clause. *Estate of Kelly*, 473 Pa. 48, 53, 373 A.2d 744, 747 (1977). However, the language used by this decedent does so. In Subparagraph FOURTH (A) the testator directs the executor to set aside a portion of the estate funds for the well-being of Blanche Smertz provided she is living at the time of the testator's decease. The next subparagraph, FOURTH (B), provides that upon the death of Blanche Smertz, the remainder of the monies set aside for her which remains unexpended, *and any part of the residue not set aside for her*, shall be distributed to certain relatives of the decedent. While it is true neither subparagraph specifically addresses the possibility of Blanche Smertz not surviving the decedent, we find the language in subparagraph FOURTH (B) clearly resolves any questions concerning the residuary if Ms. Smertz died before her interest vested. If no money is set aside for her because of her predecease, the residue goes to the other relatives. This subparagraph begins as a residuary clause and ends as such; we find no error in the determination that it fully accomplishes that end.

Further, in light of the decedent's testamentary scheme that leaves Wife the least amount required by law, we are convinced the residuary clause is not intended to be contingent upon Blanche Smertz surviving the decedent, and the learned Orphans' Court did not abuse its discretion in failing to find otherwise.

Based on the foregoing, we affirm the order entered by the Orphans' Court denying Wife's petition for declaratory relief.

Order affirmed.

---

**3.** Although Blanch Smertz is referred to in the will as decedent's "aunt", she was actually his sister. All agree this misidentification has no import herein.